Lindenfelser, Appellant, *v.* Lindenfelser.

Argued November 16, 1955. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*David Freeman,* with him *Harry J. Liederbach,* for appellant.

*William M. Power,* for appellee.

OPINION BY MR. JUSTICE ARNOLD, January 3, 1956:

The parties are husband and wife and are separated. The plaintiff-husband filed a complaint in equity

against the defendant, alleging that plaintiff and defendant owned real property as tenants by the entireties; that since their separation the wife occupied one property, excluding the plaintiff therefrom; that she was collecting the rentals from the remaining properties and applying·them to her own use exclusively; and that the defendant also retained for her sole use, personal property owned by both parties, excluding the plaintiff therefrom.

The complaint prays for a preliminary injunction restraining the defendant from the collection of the rentals and asking for appointment of a receiver. The court below set a hearing on the request for injunctive relief, but on the day fixed refused to take testimony and summarily dismissed the petition for preliminary relief.

We are without the benefit of an opinion from the court below as to its reasons for dismissing the complaint; but, relying upon the briefs of counsel, it appears that the defendant took the position: (1) that the Act of 1893, P. L. 344, §3, as amended by the Act of 1913, P. L. 14, §1, 48 PS §111, does not permit an action by one spouse against the other to enforce rights in tenancy by the entireties; and (2) that the plea of laches was available to the defendant, the appellee.

Under Rule 1501 of Pennsylvania Rules of Civil Procedure, the practice in equity is the same as in assumpsit, with some exceptions; and under Rule 1030 "laches" shall be pleaded under the heading "new matter." There was no answer filed to the plaintiff's complaint until after the court had dismissed the preliminary injunction. The answer thus filed simply states (on this point) that the facts set forth in the complaint reveal that the plaintiff is guilty of laches. The defendant admits that under *Schireson v. Shafer,* 354 Pa. 458, 463, 47 A. 2d 665, "Laches is not to be imputed by

the mere passage of time, but must be determined after all the circumstances of the case are developed." As in the cited case, so it is here that "The record is devoid of prejudice to . . . [defendant] which is a necessary element for the doctrine of laches to be applied." The plea of laches was not available to the appellee.

On the proposition that the Married Women's Property Act prevents an action by one spouse against another to enforce rights in a tenancy by the entireties, we are of the opinion that such right exists where, as here, one party to such a tenancy totally excludes the other party from any form of possession. The Act provides: "Hereafter a married woman may sue and be sued civilly, in all respects, and in any form of action, and with the same effect and results and consequences, as an unmarried person; . . . nor may he [her husband] sue her, except in a proceeding for divorce, or in a proceeding to protect or recover his separate property . . ." For the defendant to assert that she has a continuous right to misappropriate the rentals from the properties held by the entireties, without let or hindrance, is the equivalent of saying a husband is completely without remedy to prevent his wife defrauding him of the benefits of the jointly held property. Such a result we will not sanction. The Statutory Construction Act directs, in Section 52 (1), 46 PS §552: "That the Legislature does not intend a result that is absurd, impossible of execution or unreasonable."

A reasonable interpretation of the Married Women's Property Act necessarily permits an action in equity by one spouse to protect as "separate property" his interest therein held by them as tenants by the entireties and from the possession of which the other spouse is wrongfully excluded. Cf. *Mower v. Mower*, 367 Pa. 325, 80 A. 2d 856; *Geary v. Geary*, 338 Pa. 385, 12 A. 2d 23; *Morrish v. Morrish*, 262 Pa. 192, 105 A.

83.  See also *Berhalter v. Berhalter,* 315 Pa. 225, 173 A. 172.

The order of the court below is reversed and the record is remanded with instructions to the court below to hold a hearing on plaintiff's application for preliminary injunction, including the appointment of a receiver, and to determine all questions in accordance with this opinion.   Costs to abide the event.