346 A.2d 790

**Margaret BACKUS, Appellant,**

v.

**Russell T. BACKUS.**

Supreme Court of Pennsylvania.

Argued June 30, 1975.

Decided Oct. 30, 1975.

Henry F. Huhn, Cornwells Heights, for appellant.

Charles J. Conturso, Morrisville, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROB-ERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

JONES, Chief Justice.

This is an appeal from a decree in equity brought by a deserted wife seeking to have her husband declared trustee for her of his undivided one-half interest in entireties real estate held by the parties. The lower court dismissed her complaint, finding that appellant lacked capacity to sue because of Sections 111 and 114 of the Married Women's Property Act which prohibit actions seeking to destroy entireties estates prior to termination of

the marriage. Act of June 8, 1893, P.L. 344, § 3, 48 P.S. § 111; Act of May 1, 1913, P.L. 146, § 1, 48 P.S. § 114. We agree with this conclusion and for the reasons hereinafter discussed affirm the disposition of the lower court.

The facts leading to the present controversy are not in dispute. On May 18, 1968, appellant married the appellee, Russell T. Backus. They are still lawfully married although appellant instituted divorce proceedings on June 5, 1973. In July of 1969, the parties purchased a home as tenants by the entireties for the purchase price of $18,000 with the assumption of an existing mortgage in excess of $12,000. Appellant alleges that she paid $6,182.83 of her separate monies toward the purchase price and that while the parties lived together they both contributed towards the mortgage payments and for the repair and maintenance of their home. Since appellee's desertion in May of 1971, appellant asserts that she has assumed the entire financial responsibility for the home in which she continues to reside.

The reason for appellant's action is that once her divorce becomes final the parties will hold the real estate as tenants in common.[1] Consequently, appellant asserts that her husband will unfairly obtain the benefit of her initial purchase payment and continuing mortgage payments. Therefore, she has petitioned for a declaration that her husband be deemed to hold his interest in the property as trustee for her and that he be made to account to her for her payments on behalf of the property. The lower court found no merit in her position and sustained appellee's preliminary objections.

Appellant's main contention is that since she put up the initial cost of the property and has continued to

1. The Act of May 10, 1927, P.L. 884, § 1, 68 P.S. § 501, provides that after a divorce each party holds an equal one-half share of the property and may bring suit to have it sold and the proceeds divided.

make payments, her husband should have no real interest in it. However, this overlooks the nature of the entireties estate.[2] Because this is an entireties estate and the parties are still lawfully married, her action is barred by the Act of June 8, 1893, P.L. 344, § 3, 48 P.S. § 111, which provides that a woman may only sue for divorce or to protect her separate property and by the Act of May 1, 1913, P.L. 146, § 1, 48 P.S. § 114, which allows a deserted woman to sue upon any cause of action except those which would destroy the right of survivorship in joint property.[3]

██ In her argument, appellant points to cases allowing one party to sue during the marriage. However, it is clear that it is only the party who is *excluded* from the exercise or enjoyment of the rights inherent in an entireties estate who can sue in equity to enforce his interest. *Shapiro v. Shapiro,* 424 Pa. 120, 224 A.2d 164 (1966); *Lindenfelser v. Lindenfelser,* 396 Pa. 530, 153 A.2d 901 (1959); *Lindenfelser v. Lindenfelser,* 383 Pa. 424, 119 A.2d 87 (1956).

 This Court has held that an appropriation of entireties property by one spouse results in a revocation of the estate by virtue of the fiction that it is an offer of an agreement to destroy the estate which the other party accepts by instituting an action. *Shapiro v. Shapiro,* 424 Pa. 120, 224 A.2d 164 (1966); *Reifschneider v. Reifschneider,* 413 Pa. 342, 196 A.2d 324 (1964); *Stemniski v. Stemniski,* 403 Pa. 38, 169 A.2d 51 (1961); *Lindenfelser v. Lindenfelser,* 396 Pa. 530, 153 A.2d 901 (1959).

2. Although appellant alleges bad faith on her husband's part, she does not allege fraud in the creation of the entireties estate which would vitiate its existence. *DeBernard v. DeBernard,* 384 Pa. 194, 120 A.2d 176 (1956).

3. Of course, a man is likewise precluded from bringing this form of suit as "neither tenant can partition (except after divorce) nor terminate or sever . . ." entireties property. *Shapiro v. Shapiro,* 424 Pa. 120, 136, 224 A.2d 164, 173 (1966); *Holmes Estate,* 414 Pa. 403, 407, 200 A.2d 745, 748 (1964).

This fictitious revocation makes the wife's share her separate property so that she can sue within the exception in Section 111 of the Married Women's Property Act " 'to protect and recover her separate property.' " *Stemniski v. Stemniski,* 403 Pa. at 42, 169 A.2d at 53. Since appellant remains in exclusive possession of the premises, it is apparent that she does not bring herself within this proviso.

Appellant also contends that other statutes give her the right to maintain her action because of her status as a deserted spouse. It is true that she has several remedies available to her which are not precluded by the Married Women's Property Act. The Act of May 23, 1907, P.L. 227, § 1, 48 P.S. § 131, provides that a woman may sue in law or equity for support for herself and her children. Once such a decree is entered, execution may be had against entireties property and the property sold in satisfaction of the claim under the Act of May 24, 1923, P.L. 446, § 1, 48 P.S. § 137. Also, the Act of May 24, 1923, P.L. 446, § 2, 48 P.S. § 138, provides that the wife is "entitled out of the proceeds of such sale to such sum of money as represents her share in such property, based on the proportionate part of the original purchase money furnished by her for the purchase of such property." [4] While appellant argues that these provisions give her the right to sue generally, it is clear that they are limited to actions for support and allow for sale only to enforce this right. Only at such a sale may she claim a right to the money initially advanced by her for the purchase of the property. While appellant in her argument asserts that she is entitled to support, she must first bring an appropriate action for it. This is not properly presented and, as the lower court correctly held,

4. In view of our determination that this provision does not apply, we need not now determine its constitutionality in view of the Pennsylvania Equal Rights Amendment, Pa.Const. Art. 1, § 28 (adopted May 18, 1971).

appellant may not sue generally to destroy the entireties estate.

Finally, it should be noted that the Common Pleas Court where appellant filed her divorce petition may retain continuing jurisdiction to determine the property rights and interests of the parties, including the partition at the appropriate time of property held by the entireties. Act of May 2, 1929, P.L. 1237, § 15, *as amended*, 23 P.S. § 15, subd. 1(a) (Supp.1975).

Decree affirmed. Costs on appellant.

ROBERTS, J., filed a concurring opinion in which NIX, J., joins.

MANDERINO, J., filed a dissenting opinion.

ROBERTS, Justice (concurring).

I concur in the result because the existence or availability of an adequate remedy at law is an appropriate basis for the equity court to withhold the exercise of its jurisdiction. See *Redding v. Atlantic City Elec. Co.*, 440 Pa. 533, 536, 269 A.2d 680, 681 (1970).

NIX, J., joins in this concurring opinion.

MANDERINO, Justice (dissenting).

I dissent. To follow the opinion of the majority would be to perpetuate the doctrine of interspousal immunity. That doctrine, which deprives a married person the right to bring suit against his or her spouse, is contrary to the Pennsylvania Constitution. The Declaration of Rights (Pa.Const. art. I, § 11, P.S.) specifically provides that " . . . every man for an injury done him in his lands, goods, person or reputation shall have remedy by due course of law . . . ." See *Brown v. Commonwealth*, 453 Pa. 566, 305 A.2d 868 (1973). (Manderino,

J., dissenting). *See also DiGirolamo v. Apanavage,* 454 Pa. 557, 312 A.2d 382 (1973) (Manderino, J., dissenting).