## Evans v. Evans

*Craig Stockdale* and *Robert Quick,* for plaintiff.
*James V. Voss,* for defendant.

ROSS, *J.,* August 27, 1976—An unorthodox procedure brings this case before the court on a peti-

tion for distribution filed by counsel for plaintiff-wife, Sandra Evans, who since August 29, 1967, has been the payee of a support award on behalf of herself and her children. The original complaint was filed under The Pennsylvania Civil Procedural Support Law of July 13, 1953, P.L. 431, sec. 1 et seq., 62 P. S. § 2043.32 et seq..

Defendant, Clayton Evans, has been the subject of numerous enforcement proceedings against him for past due arrearages and sanctions such as the entry on October 8, 1972, of a wage attachment against him, incarceration on March 29, 1974, and the entry of judgment against him on June 3, 1974, in the amount of $2150.

Plaintiff's counsel, who have represented plaintiff since January 11, 1974, in her claims for support and requests for enforcement, now claim an attorney's charging lien on a fund paid into their hands by reason of a private agreement of the parties settling an enforcement proceeding as a result of which on January 31, 1975, defendant was again incarcerated.

As part of the private settlement of the dispute, defendant agreed to surrender to plaintiff the possession and ownership of all dividends held for his benefit by virtue of both parties' ownership as tenants by the entireties of 73 shares of A. T. & T. common stock. He in effect agreed to surrender one-half the dividends accumulated to the date of the agreement as a payment on support arrearages. In order to effect a release of defendant's share of the dividends, plaintiff agreed to the release of her one-half by defendant's agent bank. All these dividends owned by the parties as tenants by the entireties as of this time were duly paid by

the agent to plaintiff 's counsel and put into a trustee account by them.

Counsel asserts both parties have assigned to the Department of Public Welfare all their real and personal assets so that each might receive public assistance. The record is not clear as to defendant's assignment. The department has been duly notified of the presentation of this petition for distribution.

The basis of plaintiff 's counsels' claim for a charging lien is the allegation that plaintiff expressed her intent to her counsel that the moneys owed them for their representation of her would be paid them "upon release or receipt of assets."

After the agreement was entered into, the Hon. Rolf Larsen, who had committed defendant to jail, on February 3, 1975, entered an order releasing defendant from jail and directed defendant "to send all dividends to the C.&D. [Collection and Disbursement] Office" of the court. The matter was then continued for final disposition as to the dividend checks and eventually came before the present judge of the court for determination. The funds apparently were paid to plaintiff 's counsel rather than into the court collection office.

Ordinarily, a support proceeding is not the appropriate way to divide entireties property: Commonwealth ex rel. Bishop v. Bishop, 234 Pa. Superior Ct. 600, 605, 341 A.2d 153 (1975). However, if a wife has been awarded support, she may upon the entry of judgment for the arrearages owed her execute upon entireties property and recover at the sale not only the arrearages owed her but also her share of the entireties property in proportion to her share of contribution to the purchase

price: Backus v. Backus, 464 Pa. 380, 346 A.2d 790, 792 (1975); Act of May 23, 1923, P. L. 446, secs. 1 and 2, 48 P.S. §§88, 137 and 138. (We note that the remedies of attachment of wages and commissions and of the body set forth in the Civil Procedural Support Law are additional to the remedy of execution sale: Act of July 13, 1953, P.L. 431, secs. 3 and 9, as amended, 62 P.S. §§2043.33 and 2043.39.)

Here, although judgment was entered, no execution sale took place which would warrant a division of entireties property under the ruling of Backus v. Backus, supra, 793. Rather, a settlement was privately reached to utilize the husband's entireties property share to pay off arrearages and the whole entireties fund released to counsel for plaintiff in accordance with the agreement. Ordinarily the court should let parties proceed to carry out the terms of their agreement privately and once complied with dismiss the enforcement proceeding.

The problem here is that there is a third party in interest. A year after the private settlement of the enforcement proceeding, plaintiff on February 25, 1976, in consideration of the receipt of public assistance, executed an authorization to the Pennsylvania Department of Public Welfare to be named as the payee of any award granted her. She assigned "all arrearages owed under the Court Order . . . when collected, to the Commonwealth of Pennsylvania, Departmant of Welfare" with the understanding that the "amount collected by the Commonwealth . . . shall not exceed the total sum of public assistance paid, calculated from the date of the filing of a petition for an order of support

with the court." The assignments are recognized by the court under agreement by it with the Welfare Department as being a proper implementation of the poor laws provision that the property of any person is liable for the Commonwealth's expenses for the support of himself or herself, or his or her indigent spouse or of his or her minor children if such property was owned during the time the Commonwealth furnished support: Act of June 24, 1937, P.L. 2045, secs. 3 and 4, as amended, 62 P.S. §§1973 and 1974. Entireties property is subject to the claim of the Commonwealth for support and such claim may be made against the shares of both spouses: Department of Revenue v. Woods, 38 Del. Co. 439, 440 (1951); Department of Public Assistance v. Sharago, 40 Del. Co. 328, 330, 331 (____); Department of Public Assistance v. DeCarli, 44 D.&C. 291, 296 (1941).

It is clear that the private agreement of the parties cannot bar the right of the Commonwealth for reimbursement for public assistance paid since February 25, 1976, out of the instant fund since the fund was in existence as of the time assistance was furnished.

The question is whether the whole entireties fund is before the court for distribution or only the half owned by the husband of the whole fund which has been severed by their agreement.

If a sale had taken place of the property by virtue of an execution on the judgment, clearly the whole fund would be before the court for distribution, for such would lie in accordance with the jurisdiction conferred by the Act of May 23, 1923, supra, 48 P.S. §§137 and 138.

This matter is not before us on execution sale of

entireties property, however, but on *agreement of the parties that the husband's share of jointly owned dividends shall be. paid to his wife on account of past due support owed.* Such payment to the wife is to be made as a result of an enforcement proceeding under the Civil Procedural Support Law of July 13, 1953, supra, sec. 9, 62 P. S. § 2043.39.

Therefore, the husband's share representing one-half of the amount now in the hands of plaintiff's attorney (one-half of $1581.18) or the amount of $790.59 should be paid under the agreement by plaintiff's counsel to the collection and disbursement office of the court. To the extent that this amount ($790.59) exceeds the amount of arrearages owed the Commonwealth for support paid and not reimbursed since February 25, 1976, such excess should be released to plaintiff. The exact division of this amount between Commonwealth and plaintiff must await an evidentiary hearing establishing the amount of arrearages, if any, accrued since February 25, 1976.

If the Commonwealth wishes to reach the wife's share of the property not paid into court, it will have to recover such in an appropriate proceeding since such fund is not amenable to support court distribution in the absence of a support award *against her* (as opposed to against her husband) or an execution sale levied on entireties property for payment of the support owed by one of the entireties tenants.

The same rule applies to the claim of the wife's attorney for payment of his fees out of her share of entireties property. The family court in a nonsupport proceeding is not the appropriate forum in the absence of statute for the adjudication of and al-

lowance of the claims of creditors of the beneficiary of an order. The entireties share of the husband which by agreement has been paid into court as a credit on arrearages owed by him cannot be diminished by the claim of any creditor other than the Commonwealth of Pennsylvania by whom family support has been given. There is no "charging lien" on the fund in court since it may be subject to no assignment other than to the Commonwealth by statute, since in nonsupport matters there is no statutory authority for the payment of counsel fees and finally since the fund awaiting distribution is not the type to which a charging lien *attaches, viz., a fund in the hands of the court for* distribution to creditors by equitable principles: Act of June 24, 1937, supra, secs. 3 and 4, 62 P.S. §§1973 and 1974; Recht v. Clairton Urban Redevelopment Authority, 402 Pa. 599, 608, 166 A.2d 134 (1961).

*As to the wife's share still retained by her counsel,* if she validly agreed counsel may be paid her fees out of such fund, counsel has the usual remedy of counsel to exercise any rights granted him by client's contract. Such exercise of counsel's right to payment of his fee out of funds in his hands is by virtue of the contract with his client and not by virtue of any decree of this court since such a decree is beyond its granted jurisdiction.

## ORDER OF COURT

And now, August 27, 1976, after consideration of the petition of counsel for plaintiff, Sandra Evans, for a decree of distribution awarding counsel fees to plaintiff's counsel as well as determining the proper distribution of $1581.18 in A. T. & T. divi-

dends owned by plaintiff and defendant, Clayton Evans, jointly as tenants by the entireties, said sum having been paid into court in accordance with the parties' agreement as to the method by which Clayton Evans could purge himself of contempt in an enforcement proceeding.

It is ordered, adjudged and decreed that the wife's share of the dividends $790.59 is beyond the jurisdiction of the court to distribute in the instant proceeding and shall be paid directly to plaintiff by her attorneys subject to any valid contractual rights of her counsel in the fund granted by their client plaintiff.

It is further ordered that plaintiff's counsel shall pay $790.59 to the court collection and disbursement office for distribution to plaintiff on account of past due arrearages owed her over and above any arrearages owed the Commonwealth of Pennsylvania under the assignment of February 25, 1976, as determined by a hearing to be held before the Hon. _____ of the Family Division, on _____, 1976, at 9:30 a.m., Room _____, City-County Building.