## Mauro v. Mauro

*Emil W. Kantra,* for plaintiff.
*Joseph C. Bernstein,* for defendant.

DAVISON, *Chancellor,* April 15, 1980—In this action plaintiff-wife, Dolores Mauro (wife), seeks

and defendant-husband, Anthony Mauro (husband), opposes a decree of partition for the premises known as 2650 East Texas Boulevard, Allentown, Lehigh County, Pa. (subject premises), as well as the jointly-owned personal property located therein. Testimony was presented on March 11 and 19, 1980.

The parties, who own the subject premises as tenants by the entireties, resided there together with their son until July 5, 1978, when plaintiff moved to the Allentown home of her parents. The husband has continued to reside there to the present time. In May of 1979 the parties' son also moved to his grandparents' residence.

It is the wife's principal contention that she has been effectively excluded from the subject premises by reason of defendant's physically abusive conduct toward her. She testified that her husband's course of conduct began as early as 15 years ago when he initially assaulted her physically by slapping, grabbing, choking and throwing her, and that since 1972 and until she left, the frequency and severity of the abuse intensified. In June of 1978 at least three such violent outbursts occurred, following two of which, she testified, she was forced to flee the home and, following the third, to seek medical attention.

She further testified that although for years she did the marketing and prepared the family's meals, defendant in June of 1978 unilaterally assumed these responsibilities. Thereafter, whenever plaintiff was late for the evening meal, he simply refused to give her any food.

No longer able to endure living under these circumstances, plaintiff retained legal counsel and on July 5, 1978, under the provisions of the Protection

from Abuse Act of October 7, 1976, P.L. 1090, 35 P.S. § 10181 et seq., she secured a preliminary injunction restraining defendant from further abuse. When Lehigh County Deputy Sheriff Lee Fetzer served that order on defendant that evening, defendant tore it up, told plaintiff to leave and threatened to beat her. Fetzer testified that he was too concerned about plaintiff's safety to permit her to remain alone with defendant and that he called the Salisbury Township police and eventually plaintiff left the home. On July 10, 1978 defendant agreed to refrain from abusing his wife and a consent decree was so entered.

Plaintiff's uncle testified that in June of 1978 he had observed defendant threatening plaintiff and that defendant had related to him in 1977 that he grabbed and slapped his wife until she agreed with him. He further testified that defendant told him in 1978 that a wife needs an occasional beating to keep her in line. He corroborated the food situation by relating that plaintiff had called him in June of 1978 to complain that defendant refused to provide her with any food.

Defendant insisted that his counsel not cross-examine plaintiff and her uncle.

Defendant's testimony contradicted that of the other witnesses only in that (1) he admitted that he had struck his wife only four or five times, and (2) he denied that he had prevented his wife and son from returning to the residence. His principal contention is that he has no marital problems other than those which he attributes to his wife's allegedly excessive consumption of alcohol and strenuously opposes any partition or any action signaling the termination of the marriage.

We hold that defendant's abusive conduct toward

plaintiff constitutes a wrongful exclusion of plaintiff from the benefit or enjoyment of their jointly-owned property. See Handley v. Handley, 38 Lehigh 126 (1979). As we observed in Handley, in affirming the exception to the general proposition that ordinarily property held by the entireties is not subject to partition, the Honorable Donald E. Wieand pointed out in Rubin v. Rubin, 37 Lehigh 444, 446-447 (1978):

"Where husband and wife are separated but not divorced and where one of them is excluded from the exercise or enjoyment of rights inherent in the estate held by the entireties, an accounting of the property so held may be ordered and the property or proceeds divided equally between them. Shapiro v. Shapiro, 424 Pa. 120, 137, 224 A. 2d 164, 173 (1966); Reifschneider v. Reifschneider, 413 Pa. 342, 196 A. 2d 324 (1964); Stemniski v. Stemniski, 403 Pa. 38, 169 A. 2d 51 (1961); Lindenfelser v. Lindenfelser, 396 Pa. 530, 153 A. 2d 901 (1959); Williamson v. Williamson, 35 Leh. L.J. 113 (1972). An appropriation of entireties property by one spouse results in a revocation of the estate by virtue of the fiction that it is an offer of an agreement to destroy the estate which the other party accepts by instituting an action for partition. Backus v. Backus, 464 Pa. 380, 384, 346 A. 2d 790, 792 (1975)." See also, Shoup v. Shoup, 469 Pa. 165, 170, fn. 6, 364 A. 2d 1319 (1976).

We conclude that defendant's abusive conduct and plaintiff's resultant and justified fear for her safety in his presence constitute an exclusion which falls within that exception.

There is abundant evidence of defendant's exclusion of plaintiff from their jointly-owned property. In

addition to that already summarized, both plaintiff and her son testified that when the son sought to gain access to the subject premises in September of 1979, the key no longer fit the lock. Defendant contends that the assertion that defendant changed the lock is contradicted by plaintiff's five visits to the residence to obtain clothes and other personal belongings; however, plaintiff made all five visits between July of 1978 and the spring of 1979 and, out of continuing concern for her safety, she went there only in the company of other persons or at times when she knew that her husband was not there. During her last such visit, plaintiff noticed that various items of personal property were missing from their usual places and that a lock had been placed on the cellar door. These locks to which plaintiff had no keys further evidence a wrongful exclusion. See Fascione v. Fascione, _____ Pa. Superior Ct. ____, 416 A. 2d 1023 (1979).


## DECREE NISI


Now, April 15, 1980, it is ordered and decreed that partition be and the same is hereby granted for premises known as 2650 East Texas Boulevard, Allentown, Lehigh County, Pa., as well as the jointly-owned personal property located at the aforesaid premises, in which each of the parties, Dolores Mauro and Anthony Mauro, has a one-half interest.

If no exceptions are filed within 20 days after notice of this decree shall have been given to counsel for the parties, the decree nisi may be entered as a final judgment in partition.