# Hoellen v. Hoellen

*Clayton E. Hyman,* for plaintiff.
*Robert E. Donatelli,* for defendant.

WIEAND, *J., Specially Presiding,* July 10, 1980—Barbara S. Hoellen, plaintiff, and Lee R. Hoellen, defendant, are husband and wife. On March 29, 1979, while they were occupying their jointly owned home at 3004 Lotus Drive, Green Hills, Orefield, Lehigh County, defendant withdrew the entire balance of $4,834.09 from a savings account maintained by the parties at the Wilmington Savings Fund Society, Wilmington, Delaware. Plaintiff immediately filed a complaint in equity alleging that she was entitled to receive one-half of the proceeds removed by defendant. Defendant admits that the funds were removed, that the removal was unauthorized and that he used the funds exclusively for his own purposes.

In November, 1979, defendant voluntarily left the marital home. He did so secretly, when his wife was absent, and took with him a portion of the

furniture and furnishings which he estimated to be one-half thereof. The parties have been living separate and apart since Thanksgiving Day, 1979.

Following separation, plaintiff caused the lock on the door of the attached garage to be changed, and the electric door opener was disconnected. This was done, plaintiff testified, because she feared that defendant would take from the garage the jointly owned automobile housed therein.

There is a dispute concerning whether plaintiff changed other locks of the home. We concluded that they had been changed. In any event, it is clear that when the storm doors were locked from the inside, defendant was unable to gain access to the home unless someone were there to let him in.[1] It is true, as plaintiff argues, that defendant was granted access to the home upon request when he came to visit his son or his wife. He was refused a new key, however, and was unable to gain entrance when plaintiff was not at home or failed to hear the ringing of the doorbell.

Defendant agrees that plaintiff is entitled to a division of the proceeds which he withdrew from the jointly owned savings account. He contends, further, that all entireties property is now ripe for partition and that a decree should be entered. Plaintiff resists defendant's efforts to partition the real estate.

As a general rule, property held by husband and wife as tenants by entireties is not subject to partition prior to divorce: Shoup v. Shoup, 469 Pa. 165, 170, 364 A. 2d 1319, 1322 (1976). However, there is an exception to this rule. Where one spouse appro-

---

1. An occupant could maintain the locked condition of the storm doors by leaving the home through the attached garage.

priates the property to his or her own use so that the other is excluded from the exercise or enjoyment of rights inherent in an estate held by the entireties, an accounting of the property so held may be ordered and the property or proceeds divided equally between them. This is achieved by the fiction of treating the appropriation as an offer to destroy the entireties estate, which is accepted when the other starts suit: Shapiro v. Shapiro, 424 Pa. 120, 224 A. 2d 164 (1966); Reifschneider v. Reifschneider, 413 Pa. 342, 196 A. 2d 324 (1964); Stemniski v. Stemniski, 403 Pa. 38, 169 A. 2d 51 (1961). Moreover, when this occurs, all the property held by the entireties becomes ripe for an accounting and partition, not merely the unit that has been improperly appropriated: Damirgian v. Damirgian, 262 Pa. Superior Ct. 463, 396 A. 2d 1263 (1978); Vento v. Vento, 256 Pa. Superior Ct. 91, 389 A. 2d 615 (1978). Of course, it is only the party who has been excluded from enjoyment of the property who may maintain such an action: Shoup v. Shoup, supra, 469 Pa. at 170, fn.6, 364 A. 2d at 1322, fn.6; Backus v. Backus, 464 Pa. 380, 346 A. 2d 790 (1975).

In the instant case, all property owned by plaintiff and defendant by the entireties is now subject to partition. Each party has excluded the other from entireties property. If defendant has not been totally excluded from the entireties real estate, it seems clear that he has been deprived of many rights of access and enjoyment which normally attach to and are an essential part of a tenancy by the entireties. Moreover, even if there were doubt about defendant's being denied full access to the home, plaintiff's appropriation of the jointly owned automobile to her own use and the exclusion of defendant from the garage were sufficient to support

an action by defendant for partition of all the entireties property. See: Gray v. Gray, 275 Pa. Superior Ct. 131, 418 A. 2d 646 (1980).[2]

Therefore, we enter a decree awarding partition of all entireties property.

## DECREE

Now, July 10, 1980, for reasons appearing in an attached adjudication, it is ordered and decreed as follows:

1. Defendant shall pay to plaintiff the sum of $2,417.05, being one-half of the proceeds appropriated by defendant to his own use from the savings account maintained by the entireties at Wilmington Savings Fund Society, together with interest thereon from March 29, 1979.

2. Premises known as 3004 Lotus Drive, Green Hills, Orefield, Lehigh County, shall be partitioned in accordance with the procedure in such cases made and provided.

3. The jointly owned personal property, furniture and furnishings contained in and upon the premises aforesaid shall also be partitioned.

4. Each party shall pay his or her own costs.

## OPINION EN BANC

WIEAND, *J.*, *Specially Presiding*, December 16, 1980—The issue in this case is whether a spouse who wrongfully appropriates the funds in a savings account owned by the entireties is barred by the clean hands doctrine from obtaining partition of

---

2. We find it unnecessary to consider plaintiff's argument that defendant should not be permitted to take advantage of his own wrongful act in appropriating the savings account proceeds to force a partition of entireties real estate.

other entireties property when he is subsequently denied access by the other spouse to real estate and an automobile which are also owned by the entireties. The chancellor concluded that all property owned by the entireties was ripe for partition and entered an appropriate decree. We agree.

Barbara S. Hoellen, plaintiff, and Lee R. Hoellen, defendant, are husband and wife. On March 29, 1979, defendant withdrew the entire balance of $4,834.09 from a savings account in Wilmington Savings Fund Society, which account was owned by plaintiff and defendant as tenants by the entireties. Defendant admits that the funds were used exclusively for his own purposes and that plaintiff is entitled to recover one-half thereof.

In November, 1979 defendant voluntarily left the marital home at 3004 Lotus Drive, Orefield, Lehigh County, which the parties owned jointly as tenants by the entireties. He left the home when his wife was not at home and took with him items of furniture and furnishings which he estimated to be one-half thereof. After defendant had left, plaintiff caused the locks on the home to be changed, and the electrical garage door opener was disconnected. This effectively prevented defendant from gaining access to the home unless plaintiff admitted him. When defendant called to visit his son, however, he was usually admitted. There is some evidence that the original locks were subsequently re-installed in several house doors, but by locking the storm doors plaintiff was able nevertheless to deny defendant free access, while she came and went through the connecting garage which remained locked to defendant. In this manner, defendant was also denied access to the jointly owned automobile which was housed in the garage.

Defendant, for these reasons, filed a counter-

claim in which he averred that partition should be granted not only of the entireties savings account but of all jointly owned property, real and personal.

In concluding that all entireties property was ripe for partition, the chancellor stated the law as follows:

"As a general rule, property held by husband and wife as tenants by entireties is not subject to partition prior to divorce. Shoup v. Shoup, 469 Pa. 165, 170, 364 A. 2d 1319, 1322 (1976). However, there is an exception to this rule. Where one spouse appropriates the property to his or her own use so that the other is excluded from the exercise or enjoyment of rights inherent in an estate held by the entireties, an accounting of the property so held may be ordered and the property or proceeds divided equally between them. This is achieved by the fiction of treating the appropriation as an offer to destroy the entireties estate, which is accepted when the other starts suit. Shapiro v. Shapiro, 424 Pa. 120, 224 A. 2d 164 (1966); Reifschneider v. Reifschneider, 413 Pa. 342, 196 A. 2d 324 (1964); Stemniski v. Stemniski, 403 Pa. 38, 169 A. 2d 51 (1961). Moreover, when this occurs, all the property held by the entireties becomes ripe for an accounting and partition, not merely the unit that has been improperly appropriated. Damirgian v. Damirgian, 262 Pa. Superior Ct. 463, 396 A. 2d 1263 (1978); Vento v. Vento, 256 Pa. Superior Ct. 91, 389 A. 2d 615 (1978). Of course, it is only the party who has been excluded from enjoyment of the property who may maintain such an action. Shoup v. Shoup, supra, 469 Pa. at 170, fn. 6, 364 A. 2d at 1322, fn. 6; Backus v. Backus, 464 Pa. 380, 346 A. 2d 790 (1975)."

The chancellor found that each tenant by the entireties had excluded the other tenant from entireties property and that all jointly owned property, therefore, should be partitioned. Plaintiff argues, on exceptions, that the chancellor failed to give proper consideration to the clean hands doctrine. Because defendant acted in the first instance to appropriate the funds on deposit in the jointly owned savings account, it is contended, he should be barred thereafter from seeking partition of other property owned by the entireties.

The doctrine that those seeking equity must come with clean hands "closes the doors of a court of equity to one tainted with inequitableness or bad faith relative to the matter in which he seeks relief . . . [W]hile 'equity does not demand that its suitors shall have led blameless lives' . . . as to other matters, it does require that they shall have acted fairly and without fraud or deceit as to the controversy in issue. . . . This maxim necessarily gives wide range to the equity court's use of discretion in refusing to aid the unclean litigant." Precision Instrument Manufacturing Co. v. Automotive Maintenance Machinery Co., 324 U.S. 806, 814-15, 65 S.Ct. 993, 997, 89 L.Ed. 1381, 1386 (1945).

"Application of the unclean hands doctrine is confined to willful misconduct which concerns the particular matter in litigation. It does not apply to collateral matters not directly affecting the equitable relations which exist between the parties. McLaughlin v. McLaughlin, 410 Pa. 1, 5, 187 A. 2d 905, 907 (1963); Holst v. Butler, 379 Pa. 124, 134, 108 A. 2d 740, 745 (1954); Hartman v. Cohn, 350 Pa. 41, 46, 38 A. 2d 22, 25 (1944); Vercesi v. Petri, 334 Pa. 385, 388, 5 A. 2d 563, 565 (1939).

Moreover, in exercising his discretion, the chancellor is free to refuse to apply the doctrine if a consideration of the entire record convinces him that an inequitable result will be reached. Hartman v. Cohn, supra." Shaprio v. Shapiro, 415 Pa. 503, 507, 204 A. 2d 266, 268 (1964).

To apply the clean hands doctrine in such a way as to bar defendant's access to the courts under the circumstances of this case does not recommend itself. Defendant should not be barred from obtaining partition of entireties assets from which he has been excluded merely because he, in the first instance, excluded his wife from a jointly owned savings account. Otherwise, plaintiff could with impunity deal with such entireties property as her own so long as she remained undivorced.

We conclude, therefore, that the chancellor did not abuse his discretion and that the decree in partition was properly entered.

## ORDER

Now, December 16, 1980, plaintiff's exceptions to the decree of the chancellor are dismissed, and said decree is entered as the final order in the case.