**Meno v. Meno**

*Jack H. France* and *James W. Haines, Jr.,* for plaintiff.

*Raymond P. Amatangelo,* for defendant.

TERPUTAC, *J.,* February 3, 1981—The narrow issue before the court is whether an innocent spouse, under circumstances where the husband is alleged to have wrongfully appropriated some but not all of the property and assets held by the husband and wife as tenants by the entireties, may restrict or limit partition to the precise assets so appropriated, or may the wrongdoing spouse legally compel partition of all of the entireties assets.

The basic facts are not seriously disputed. The parties to this action are Margaret Meno as wife and Nick Meno as husband. As tenants by the entireties, they were the owners of a certificate of deposit and a checking acount in addition to other assets which they own. During the marriage the husband-defendant caused funds from the checking account and the certificate of deposit to be changed by his unilateral action from their joint names and placed in his name alone. Thereupon, the wife-plaintiff filed a complaint in equity praying that the funds be restored to the parties as tenants by the entireties or, in accordance with her amended complaint, in the alternative, for an accounting and partition of these particular funds. In

addition, the pleadings have included a prayer for a temporary injunction and a suggestion of a prospective incompetency proceeding as to the husband; however, these matters are not before us at this juncture. In due course the husband-defendant filed an answer, new matter and counterclaim in which he demanded the partition of *all of the entireties assets* (household furnishings, automobiles, jewelry, money, tools, machinery and real property) held by the parties as tenants by the entireties. Although the parties entered into several stipulations, the only issue of vital significance at this posture of the case is that the wife-plaintiff contends that her husband has placed the funds which he had unilaterally appropriated into a certificate of deposit in his name alone.

Accordingly, before the court en banc are the preliminary objections in the nature of a demurrer which assert that defendant has not averred any facts which would legally entitle him to a partition of all of the entireties property which has been jointly owned by the husband and wife. Simply stated, the issue is whether the wife-plaintiff, once she has filed a prayer for partition of a portion of the entireties property, may legally restrict or limit the litigation only to those assets wrongfully appropriated by her husband, or does the husband have the right to compel partition of all of the entireties assets.

Traditionally under Pennsylvania law, once an estate by the entireties has been created, neither spouse acting independently or unilaterally may dispose of a portion of the property so as to effect a severance or impose an incumbrance thereon: Backus v. Backus, 464 Pa. 380, 346 A. 2d 790 (1975).

"Generally, neither tenant can obtain partition of entireties property prior to divorce [citations omitted]. Nor may one spouse appropriate entireties property to the detriment of the other; the only appropriation permitted is one for the mutual benefit of the tenants. [citations omitted]. Where one spouse appropriates entireties property to his or her own use and not for the mutual benefit of the tenants, a revocation of the estate may occur, for the appropriation may be construed as an offer of an agreement to destroy the estate, which will be deemed to be accepted where the spouse sues for partition of the property [citations omitted]." Gray v. Gray, 275 Pa. Superior Ct. 131, _____, 418 A. 2d 646, 648 (1980).

This fictitious offer and acceptance format was first delineated in Berhalter v. Berhalter, 315 Pa. 225, 173 Atl. 172 (1934), and the courts have always emphasized that the party appropriating the entireties property to his or her own use has not destroyed the tenancy by the entireties, but has only made an offer to the other spouse to dissolve the entireties ownership. "[N]either tenant can partition . . . nor terminate or sever by his or her own conveyance . . . nor by his or her own act affect the other's right of survivorship." Shapiro v. Shapiro, 424 Pa. 120, 136, 224 A. 2d 164, 173 (1966). Until the acceptance to effect a mutual destruction of the entireties property is manifested by the institution of an action in partition, Berhalter v. Berhalter, supra, the tenancy remains intact and all assets appropriated in detriment to the mutual control of the spouses are still impressed with the entireties concept, even after the death of the misappropriating party: Brose Estate, 416 Pa. 386, 206 A. 2d 301 (1965).

The party to whom the offer to partition entireties assets is conveyed appears to be in an advantageous legal position. Such party need not accept the offer (his or her entireties interest may continue up to and including death, Brose Estate, supra), may accept it in accordance with the terms of the offer, or demand that all property held by the entireties be partitioned: Stemniski v. Stemniski, 403 Pa. 38, 169 A. 2d 51 (1961); Fascione v. Fascione, 272 Pa. Superior Ct. 530, 416 A. 2d 1023 (1979); Vento v. Vento, 256 Pa. Superior Ct. 91, 389 A. 2d 615 (1978). "Even if the [plaintiff] had established abuse by the [defendant] to only one of the entireties' properties she still would be entitled to a partition of the several properties. [Plaintiff] need not wait till all of the properties be dissipated: Watkins v. Watkins, 393 Pa. 284, 286, 142 A. 2d 6 (1958)." Shapiro v. Shapiro, 424 Pa. at 138, 224 A. 2d at 173. Thus a plaintiff has the option to seek a partition of all the entireties assets, Fascione v. Fascione, supra, and need not be subjected to the risk of further misappropriation. That plaintiff has the right to accept the fictitious offer to partition only that particular entireties property so misappropriated seems to be implicit in the case law. The trend in the cases has been to allow the innocent spouse the right to request partition of the misappropriated property and all of the property held by the entireties. It would seem that the appellate courts have properly expounded upon the right of the innocent spouse to marshall all the entireties property in addition to the right to accept the offer to partition: Shapiro v. Shapiro, supra; Gray v. Gray, supra; Fascione v. Fascione, supra, Damirgian v. Damirgian, 262 Pa. Superior Ct. 463, 396 A. 2d 1263 (1978). These concepts appear to be set

forth in Watkins v. Watkins, supra, at 286-87, 142 A. 2d 8:

"It is true that the Berhalter case allows a termination of the joint tenancy where one spouse has misappropriated a particular entireties fund. However, this does not indicate that only the account from which the funds were diverted *can* be partitioned. The Supreme Court does not limit a spouse's relief to a division of the money actually taken; its opinion clearly indicates that the balance remaining in the fund also *may* be partitioned. . . . Therefore, the Berhalter rule is not merely designed to afford the injured spouse a recovery of money actually taken. Implicit in the opinion is the conviction that the injured party should not be subjected to the risk of future misappropriations by a spouse who has disregarded the tenancy's fundamental obligation." (Emphasis supplied).

It is not, as defendant's brief asserts, a case of plaintiff picking and choosing among items owned by the entireties, some to be partitioned and some not. For example, it would seem that plaintiff does not have the option to partition the fund and the automobiles, but nothing else. This position would seem to follow because she has not been denied access to the automobiles (but she does have the option to effect a partition of all assets). The right of plaintiff to file a partition action accrues at the specific time or within a reasonable time attending the wrongful event: Linett v. Linett, 437 Pa. 138, 262 A. 2d 849 (1970). In the instant case, plaintiff has accepted defendant's singular fictitious offer to partition the particular fund, but does she have the option or right to prevent the defendant from re-

questing partition of all of the property which they hold as tenants by the entireties?

We have researched the law in other states in order to seek guidance with respect to this issue. There is a dearth of authority. Most of the other jurisdictions do not recognize the concept of tenancy by the entireties, or if they do it is relegated solely to interests in real property, or if it is allowed as to personal property, the tenancy cannot be terminated short of death or divorce. It appears that the Pennsylvania procedure as to the fictitious offer outlined in Berhalter has been adopted in two states: Hoyle v. Hoyle, 31 Del.Ch. 64, 66 A. 2d 130 (1949); Coffey v. Coffey, 485 S.W. 2d 167 (Mo. Court of Appeals 1972). Neither of these cases, nor their progeny, address the instant question.

The position of the litigants in this case is quite similar to that of the husband and wife in Tyson v. Tyson, 68 D. & C. 2d 627 (1974). In Tyson, husband-defendant appropriated funds from the joint checking account and the wife-plaintiff accepted the fictitious offer to partition by filing suit. After plaintiff had appropriated funds from their joint savings account, defendant counterclaimed for the partition of that fund and for partition of the jointly held real property and certain other assets. Plaintiff sought dismissal of the counterclaim. The court said, at p. 629:

"Plaintiff contends that she is entitled to have the checking account originally sued upon partitioned and that our inquiry in this case should not involve property other than that account. Defendant contends that since he has shown that entireties' properties have been invaded by one or the other of the spouses that either party is entitled to have all such property presently owned by the parties partitioned."

The court allowed the counterclaim to the extent that defendant had been subjected to wrongful conduct by plaintiff, and partition was ordered as to the savings account as well as the checking account. "There has been no offer to partition either parcel of real estate since there has been no exclusion of the husband. . . ." Id., at 633. For the same reason partition was denied as to an automobile that was in defendant's possession. The court refused to partition entireties property, on a counterclaim, from which defendant had not been excluded.

While the court in Tyson did not refer to the case, this analysis is in line with Reifschneider v. Reifschneider, 413 Pa. 342, 196 A. 2d 324 (1964), in which the husband-plaintiff sued his wife for partition of United States Savings Bonds which she had appropriated to her own use when she left the marital domicile. Defendant counterclaimed for partition of joint bank accounts, United States Savings Bonds, a house and lot, a vacant lot, income tax refunds and other assets held by the entireties. The enumerated assets "constitute the portion of her counterclaim to [plaintiff's] cause of action for which the court below refused to grant relief." Id., at 344, fn. 1, 196 A. 2d at 325, fn. 1. Tacitly the Supreme Court approved the segregation of entireties property into that which was subject to partition and that which was not. On appeal the Supreme Court approved the partition of certain of the United States Savings Bonds on the counterclaim but disallowed the rest since the wife-defendant did not show that the plaintiff "has appropriated this property held by the entireties for his own exclusive use and benefit and not for the mutual benefit of himself and his wife." Id., at 345, 196 A. 2d at 326. If a plaintiff in a partition of entireties property action has appropriated certain assets to his own

use, defendant may counterclaim for partition of that wrongfully withheld property, but defendant does not have the right to counterclaim for partition of property which has not been wrongfully appropriated. The court was explicit as to the real estate. "The right to recovery of fair rental value and a sale of and division of the proceeds from realty held by the entireties require a determination that appellant was wrongfully excluded from the enjoyment of such realty." Id., at 347, 196 A. 2d at 327.

In the instant action, defendant has a right to counterclaim for the partition of entireties property to the extent of plaintiff's misappropriation. Defendant's new matter and counterclaim do not aver any misappropriation on the part of plaintiff. A counterclaim must meet the same formal requirements as a complaint and aver the material facts upon which defendant intends to recover from plaintiff. Olivieri v. Olivieri, 242 Pa. Superior Ct. 457, 364 A. 2d 361 (1976). Defendant here has merely claimed a right without averring the foundation upon which the right exists. As presently constituted, defendant's counterclaim is insufficient to state a cause of action. To the same effect is Backus v. Backus, supra, where a party in possession of entireties property was barred from suit. "However, it is clear that it is only the party who is *excluded* from the exercise or enjoyment of the rights inherent in an entireties estate who can sue in equity to enforce his interest." (Emphasis in original.) Id., at 384, 346 A. 2d at 792. Thus, in the instant matter, defendant has not been excluded from the entireties property; since he would not be permitted to prosecute this action as a plaintiff, he may not raise it in a counterclaim.

Finally, we address another cogent reason for our

holding that defendant is barred from asserting this contention by way of counterclaim. We refer to some of the elementary and fundamental principles of equity: that he who seeks equity, must do equity; that he who seeks equity must do so with clean hands; and that the door to equitable relief will be shut against one who has abjured good faith and fair dealing: Hick v. Peoples-Pittsburgh Trust Co., 340 Pa. 248, 16 A. 2d 718 (1940); Orne v. Kittanning Coal Co., 114 Pa. 172, 6 Atl. 358 (1886). We strongly disapprove of any principle of law under the present circumstances which would allow a misappropriating party to obtain equitable relief at the expense of the innocent spouse.

## ORDER

And now, February 3, 1981, the preliminary objections in the nature of a demurrer are sustained and the new matter and counterclaim of defendant are dismissed.

## DECREE NISI

RODGERS, *J.*, And now, February 20, 1981, after a final hearing in this matter, the court finds on the basis of the evidence presented that there has been wrongful appropriation by defendant to the exclusion of plaintiff, not justified by the conduct of plaintiff. Accordingly, the partition is decreed and one-half of the amount of $42,000 and one-half of the interest accumulated on that amount will be paid over to plaintiff, Margaret Meno; and one-half of the $42,000 and one-half the interest on that amount will be paid to defendant, Nick Meno.

The parties have ten days in which to file excep-

260

tions. If no exceptions are filed within ten days, the prothonotary shall enter this decree as the final decree.