**In re Mary L. HACKETT, Debtor.**

**Mary L. HACKETT, Plaintiff,**

v.

**COMMERCIAL BANKING CORP., Girard Trust Bank and Commonwealth of Pennsylvania Department of Public Welfare, Defendants.**

Bankruptcy No. 79–02091K.
Adv. No. 80–0026K.

United States Bankruptcy Court,
E. D. Pennsylvania.

Aug. 25, 1981.

Arnold R. Lieberman, Philadelphia, Pa., for Commercial Banking Corp.

Eileen Beckett, C. L. S., Philadelphia, Pa., for debtor/plaintiff.

## OPINION

WILLIAM A. KING, Jr., Bankruptcy Judge.

This case is an adversary proceeding initiated by the debtor to avoid liens pursuant to Title 11 U.S.C. § 522(f). The issue presented to the Court is whether an individual, who holds property as a tenant by the entireties, may treat the tenancy as divided in half for the purpose of administration of the bankruptcy case. We hold that such a partition of an entireties estate is not valid. Therefore, the debtor's petition to avoid liens can only be granted in part.[1]

The facts of the case are relatively simple. On November 9, 1979, the debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code. At that time, Ms. Hackett scheduled real property located at 6219 Jefferson Street, Philadelphia, Pennsylvania, as exempt. This property is owned by the debtor and her estranged husband as

---

1. This Opinion constitutes findings of fact and conclusions of law pursuant to Bankruptcy Rule 752.

tenants by the entireties. Mr. Willis Hackett was not a party to the bankruptcy petition, nor is he a party to this case.

The debtor listed the value of the real property as $18,000. The debtor claimed on her schedules that her interest was one-half of the value of the property, or $9,000. There is a first mortgage of $5,000 on the property which the debtor scheduled as an encumbrance on her interest. There are two (2) further liens on the property. The Department of Public Welfare of the Commonwealth of Pennsylvania (D.P.W.) holds a judicial lien for $4,000 for public assistance benefits for the period of 1969 to 1971. Commercial Banking Corporation (Commercial) is the assignee of a judicial lien of $2,300 from Girard Trust Bank arising from a personal loan in 1972.

The debtor contends that her half-interest ($9,000) is subject to the first mortgage ($5,000). The remaining $4,000 of the debtor's alleged interest is claimed as exempt under § 522(d)(1) of the Bankruptcy Code. The debtor, by this petition, seeks to avoid the liens of D.P.W. and Commercial by application of § 522(f)(1).[2] This section of Title 11 empowers the debtor to avoid judicial liens which impair an exemption that would otherwise be available.

On January 17, 1980, the debtor commenced this adversary proceeding to avoid the liens of D.P.W. and Commercial. The defendants are the holders of claims secured by judicial liens on the Jefferson Street property. The D.P.W. has not appeared in this action. Girard Trust Bank has assigned its claim to Commercial. Counsel for all parties agreed to waive trial and stipulated to the salient facts of the case by a stipulation dated March 13, 1980.

The sole issue is the determination of the value of the debtor's interest in the property. The debtor claims that the value of her interest in the entireties estate is one-half of the value of the property. The defendant alleges that the value of the debtor's

interest is the full value of the premises because a tenancy by the entireties cannot be partitioned in the manner proposed by the debtor.

■ Both parties recognize that there are instances in which an entireties estate may be partitioned. Under Pennsylvania law, however, the estate cannot be dissolved by an act of only one of the parties. *Spinelli v. Spinelli*, 264 F.Supp. 107 (E.D.Pa.1967); *Shapiro v. Shapiro*, 424 Pa. 120, 224 A.2d 164 (1966); *Backus v. Backus*, 464 Pa. 380, 346 A.2d 790 (1975). The court in Spinelli stated:

Under Pennsylvania law, a tenancy by the entireties is an estate by which property, either real or personal, is held jointly by husband and wife with right of survivorship. It is held *"per tout et not per my"*, that is, each spouse is seized of the whole and not of any divisible fraction. While they continue as husband and wife, either may destroy the tenancy or alienate any portion of it for his own exclusive benefit without the consent of the other. *Spinelli, supra* at 109.

■ The fact that the debtor is currently estranged from her husband does not act to partition the estate. *Backus, supra*. In the *Backus* case, a deserted wife was not allowed to partition the entireties estate. The Supreme Court of Pennsylvania held that a tenancy by the entireties cannot be partitioned unless there is a legal divorce, fraud in the creation of the estate, or the partition is necessary for the support of a spouse.

■ The filing of a petition for relief under the Bankruptcy Code does not sever the tenancy. A recent Pennsylvania Bankruptcy Court decision held that where one spouse filed the petition, the entireties estate remained indivisible. *In re Barsotti*, 7 B.R. 205 (Bkrtcy.W.D.Pa.1980).[3]

■ Essentially, the debtor seeks to have this Court hypothetically dissolve the tenancy by the entireties for the purpose of cal-

---

2. (f) Notwithstanding any waiver of exemptions, the debtor may avoid the fixing of a lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled un-

der subsection (b) of this section, if such lien is—

(1) a judicial lien.

3. See also, *In re Ford*, 3 B.R. 559 (Bkrtcy.D.Md. 1980); *affirmed*, 638 F.2d 14 (4th Cir. 1981).

culating the exemptions. To grant the debtor's request would be inimical to the legal concept of a tenancy by the entireties. The tenancy must be legally partitioned before the debtor can be considered a one-half owner. If the tenancy is not partitioned, we cannot pretend that it has been severed for bankruptcy purposes.

■ The fact that Commercial failed to object to the exemption claimed by the debtor pursuant to § 522(*l*) and Bankruptcy Rule 403 is not dispositive. Equitable considerations dictate that a debtor should not be allowed exemptions to which she is obviously not entitled. This would be especially true where, as in the case at bar, the validity of the claimed exemptions has been the subject of protracted litigation.

In light of the foregoing considerations, this Court holds that the debtor's interest in the Jefferson Street property is $18,000. In order to determine whether the lien of Commercial can avoided as impairing an exemption under § 522(f), a series of calculations must be made. The first mortgage of $5,000 on the property cannot be avoided by the debtor. This sum will be subtracted from the full value, which leaves $13,000 equity remaining. This total is subject to the two (2) judicial liens which total $6,300. These liens can be avoided to the extent they impair the debtor's exemption.

The debtor is entitled to claim an exemption of $7,500 under § 522(d)(1). In this case, the debtor only scheduled $4,000 as exempt. The Court believes that the debtor followed this course of action to maximize the protection of her property.

If the $7,500 exemption is claimed by the debtor, she will be able to partially avoid the lien of Commercial.[4] The D.P.W. holds a $4,000 lien which is senior to the $2,300 lien of Commercial. The $5,000 first mortgage cannot be avoided. When the first mortgage is added to the $6,300, it equals $11,300. With the property only equalling $18,000, there will be $6,700 in remaining equity. Thus, the debtor's $7,500 exemption would be impaired.

Therefore, the debtor will be granted an appropriate notice to amend her schedules B–1 and B–4 in accordance with this Opinion.[5]

---

4. The lien of Commercial is junior to that of the D.P.W. therefore, the lien of the D.P.W. cannot be avoided.

5. See Bankruptcy Rule 110.