## Linett, Appellant, *v.* Linett.

Argued November 11, 1969.   Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

reargument refused March 13, 1970.

*Laurence H. Eldredge,* with him *David H. Kubert,* for appellant.

*Walter I. Higgins,* for appellee.

OPINION BY MR. JUSTICE COHEN, January 30, 1970:

This is an action in equity in which Estelle Linett, appellant, is seeking an accounting from Louis Linett, appellee, of alleged partnership profits of a fuel oil business, of the sale proceeds of certain real estate formerly owned by the parties as tenants in the entireties, and of rentals received by appellee from other real estate presently owned by the parties as tenants in the entireties from the time these properties were first acquired.

A master was appointed to take testimony, and he concluded that appellant was entitled to an accounting of the proceeds of the sale of the real estate as well as the rents collected by appellee. The parties had originally owned three properties by the entireties: 2215 Delancey Street; 256 South 21st Street, and 2109 Pine Street (all in Philadelphia). The first property was sold in 1957, and the latter two were sold in 1961. In 1957 the parties purchased by the entireties property at 129-131 South 22nd Street and in 1961 purchased property at 2006 Spruce Street. The sale proceeds relate to the above three properties, and the income claim relates to the rent collected from the latter two. There is no question that appellant is not entitled to an accounting with respect to profits of the fuel oil business. The Chancellor revised the finding of the master and found that appellant was entitled to an accounting of rents and sale proceeds but only after December 1, 1962. He chose that date because he found as fact that appellee voluntarily supported appellant until that date and that on that date appellant was excluded from the exercise and enjoyment of her inherent rights in that real estate.

Appellant states she accepts all of the Chancellor's findings of fact with the exception of No. 26 which stated "wife plaintiff was excluded from the exercise and enjoyment of her inherent rights in said real estate on December 1, 1962." Her brief states that it was printed on May 8, 1969. Appellee states that on May 19, 1969 at a hearing before Judge HAGAN, appellant stated for the record that she did not intend to object to any of the court's findings of fact. The record discloses an order filed by Judge HAGAN in which he said "counsel for the plaintiff stated of record at the hearing that upon appeal to the Supreme Court he does not intend to object to any of the Court's findings of fact in this case. . . ." Therefore we must assume that appellant accepts all of the Chancellor's findings of fact.

Appellant's first point is that the Chancellor erred in holding that the accounting period should commence on December 1, 1962. In *O'Malley v. O'Malley*, 272 Pa. 528, 533, 116 Atl. 500 (1922), we stated, "While the marriage subsists it is a matter of indifference which of the parties leases the property or which of them obtains the rent; presumptively the moneys received will be expended for the benefit of both of them." And in *Reifschneider v. Reifschneider*, 413 Pa. 342, 347, 196 A. 2d 324 (1964), we held, "The right to recovery of fair rental value and a sale of and division of the proceeds from realty held by the entireties require a determination that appellant was wrongfully excluded from the enjoyment of such realty." See, also, *Shapiro v. Shapiro*, 424 Pa. 120, 137, 224 A. 2d 164 (1966). Appellant cites *Lindenfelser v. Lindenfelser*, 383 Pa. 424, 119 A. 2d 87 (1956), and *Berhalter v. Berhalter*, 315 Pa. 225, 173 Atl. 172 (1934), for the proposition that the right of a spouse to an accounting is independent of the question whether the husband is or is not voluntarily supporting the wife. It is true

that voluntary support is not the crucial concept. Rather what must be determined is whether one spouse has been appropriating the property to his or her own use so that there has been a wrongful exclusion. When the husband has been supporting the wife voluntarily, that is evidence that there has been no wrongful exclusion. Appellant presents an example to show how a wrongful exclusion and voluntary support can exist at the same time. This is a factual determination, however, and it is appellant's obligation to prove to the court that such a state of facts exists. It is not enough to hypothesize a situation in which both conditions exist.

What concludes appellant on this issue is the uncontested finding of fact that the wrongful exclusion began after December 1, 1962. A spouse is not entitled to an accounting unless he or she can show wrongful exclusions, *Brobst v. Brobst,* 384 Pa. 530, 121 A. 2d 178 (1956), and as appellant was not able to prove to the Chancellor such exclusion prior to December 1, 1962, that part of the decree must be affirmed.

Appellant's second argument is that the court below erred in holding that the appellee is entitled to a credit in the accounting for all support payments made since December 1, 1962. She argues that the effect of this is to relieve appellee from paying the $40 per week support, pursuant to the April, 1963 order of the County Court (now the Family Division of the Court of Common Pleas) out of his own assets and to enable him to charge her share of the income from the entireties property with the support payments. It is the duty of the County Court to examine in detail the financial situations of the parties and make a decree accordingly. We do not know what factors were considered when it entered the $40 per week order. All that is before us and all that was before the lower court is whether appellant should have an accounting.

It is beyond the scope of the inquiry before both the lower court and this Court to determine whether the County Court's support order should be modified. If we were to hold otherwise, we would be permitting a collateral attack on the County Court's order. A support order is never final, and if a particular order ceases to reflect the situations of the parties, the court is always available to make an adjustment. Therefore, the decree must be modified because the court below went beyond the proper scope of the inquiry.

The other matters are to be settled in accordance with the October 23, 1969 stipulation between the parties.

The decree of the court below is modified by striking from paragraph 2 the words, "and in said accounting defendant, Louis Linett, shall be given credit for all support payments made by him to plaintiff, Estelle R. Linett, since December 1, 1962."

Decree affirmed as modified. Costs on appellee.

Mr. Justice EAGEN and Mr. Justice ROBERTS concur in the result.

Mr. Justice JONES and Mr. Justice POMEROY concur in part and dissent in part.