MacPHAIL, P. J„
— This is an action in equity brought by plaintiff against his former spouse requesting that certain real and personal property itemized in the complaint and alleged to be in defendant’s possession be partitioned and sold by a trustee and that an accounting be rendered by defendant to plaintiff for certain rentals and other income alleged to have been received by defendant from jointly held assets in her possession. Defendant asserts in her answer that there is a lien against the jointly held real estate upon which she has paid the interest, that plaintiff has certain jointly held assets in his personal possession for which defendant requests an accounting and partition, that defendant is not liable for an accounting to plaintiff and that plaintiff is liable to defendant for support. A trial without a jury was held, briefs have been filed and oral argument was heard.
FINDINGS OF FACT
1. The parties to this action were married September 18, 1936.
2. On or about January 25, 1968, plaintiff deserted defendant without justifiable cause.
3. On July 24, 1969, the parties were divorced *101 in Mecklenburg County, N. C. The decree of divorce has not been challenged.
4. Between January 25, 1968, and July 24, 1969, plaintiff furnished no monetary support to defendant.
5. From the period of January 25, 1968, through July 24, 1969, defendant incurred numerous medical expenses for which receipts and/or cancelled checks were offered totalling $1,230.16. In addition, defendant expended $350 in cash for medical expenses for which she has no written verification.
6. On October 15, 1947, plaintiff and defendant purchased the premises known as 45-7 Steinwehr Avenue, Gettysburg, Pa., as tenants by the entireties. The said premises consists of a two-family dwelling.
7. From January 25,1968, to the present, defendant has occupied the premises known as 45 Steinwehr Avenue and has received the rentals from 47 Steinwehr Avenue.
8. The fair rental value of 45 Steinwehr Avenue for the period beginning January 25, 1968, to the present is $80 monthly.
9. From January 25, 1968, to July 24, 1969, defendant received rentals from 47 Steinwehr Avenue in the total sum of $635.
10. During the period from January 25, 1968, to July 24, 1969, defendant expended the sum of $739.58 for maintenance, taxes and utilities for the premises known as 45-47 Steinwehr Avenue, Gettysburg, Pa.
11. During the period from July 24, 1969, to and including October 1970, defendant received rents from 47 Steinwehr Avenue in the sum of $860 and during the same period expended the sum of $468.54 for the premises known as 45-7 Steinwehr Avenue.
12. There is a judgment note of plaintiff and defendant entered as a lien of record against the aforesaid premises for the use and benefit of The Gettysburg National Bank in the sum of $363.60 entered to February *102 term, 1971, no. 273x/2, upon which defendant has paid $5.46 quarterly as interest since January 1968.
13. Defendant has not denied plaintiff the joint use of the aforesaid premises at any time since his separation from her.
14. For the period from January 25, 1968, to July 24, 1969, plaintiff was employed as a security policeman with a weekly take-home pay of $61.07. During that same period, plaintiff had allowable weekly living expenses of $45. During the same period, defendant had average weekly take-home earnings of $85, giving effect to the time missed from work because of accident or illness.
15. For the period immediately prior to January 25, 1968, plaintiff’s average weekly take-home pay was $65.
16. For the purpose of this proceeding, the following personal property was acquired by the parties subsequent to May 17. 1949, as tenants by the entireties:
Fifty shares Gettysburg National Bank common stock
1 Hawaiian Commemorative 50 cent coin
2 $2.50 gold pieces
14 Commemorative 50 cent coins
100 Indian Head pennies
6 Flying Eagle pennies
50 silver dollars
2 sets of proof coins for each year since 1960
1 blue sofa
1 blue chair
1 gold chair
2 antique reproduction chairs
1 23 inch Zenith T. V. and stand
1 quantity blue wall-to-wall carpet
1 brass antique jardiniere with feet
1 metal bull dog door stop
1 maple table and 4 chairs
*103 1 deluxe gas stove
1 two-door refrigerator (one side upright freezer and other side refrigerator)
1 metal two-door clothes cabinet
1 steel blue bedroom suit (bed, dresser, chest of drawers and night stand)
1 clock radio
1 cedar chest
1 steel safe on wheels
2 small antique brass oil lamps with chimneys
1 Kodak slide projector with remote control
1 antique chest of drawers
1 antique rope bed
1 antique coffee grinder
1 antique candle mold
1 antique dough tray
6 antique wood planes
1 Lawnboy power mower
17. During her married life, defendant acquired the following personal property as her sole and separate property:
One seventy-fifth anniversary Battle of Gettysburg commemorative 50 cent coin
1 25 cent California gold piece
2 circular stands in gold
1 electric toaster
1 Sunbeam mixmaster
1 electric waffle and sandwich maker
1 electric fry pan
1 electric black fry pan clock with Amish figures at hour stations
18. During his married life with defendant, plaintiff acquired as his sole and separate property the following items:
1 seventy-fifth anniversary Battle of Gettysburg commemorative 50 cent coin
*104 1 25 cent California gold piece
1 antique single drop leaf table (one-half of banquet table)
1 walking cane rifle
1 Counte de Paris, Battle of Gettysburg History Book (rare)
1 Minnick, Battle of Gettysburg History Book (paperback)
1 Gilbert, Battle of Gettysburg History Book (paperback)
1 410-gauge single barrel shotgun
1 set of golf clubs with bag and cart
19. Subsequent to January 25, 1968, defendant sold the antique single drop leaf table mentioned in paragraph 18 above with fair market value of $100, for $50.
20. Subsequent to January 25, 1968, defendant sold the walking cane rifle mentioned in paragraph 18 above with a fair market value of $50, for $10.
21. Defendant has in her possession the following additional items belonging to plaintiff in his sole and separate right: 1 sword, 1 Honda, 20 shares Raceway stock.
22. On January 23, 1968, plaintiff removed $2,000 from a joint account at the Gettysburg Savings and Loan Association without the knowledge or the consent of defendant.
23. On May 29,1968, defendant removed $60.61 from a joint account at the Gettysburg Savings and Loan Association without the knowledge or the consent of plaintiff.
24. On January 9, 1968, defendant converted an $800 certificate of deposit issued in the name of plaintiff and defendant at The Gettysburg National Bank to her own use without the consent or knowledge of plaintiff.
*105 25. On January 30,1968, defendant converted a joint checking account at The Gettysburg National Bank in the sum of $186.55 to her own use without the consent or knowledge of plaintiff.
26. On January 29, 1968, defendant converted a joint savings account at The Adams County National Bank in the sum of $473.62 to her own use without the knowledge or consent of plaintiff.
27. Plaintiff took with him on January 25, 1968, a 1967 Buick Wildcat automobile of the fair market value of $1,500 which was the jointly held property of plaintiff and defendant without the knowledge or consent of defendant.
DISCUSSION
While most of the issues raised in this case were issues of fact, there were two issues of law whereon counsel have presented briefs: (1) how shall the rentals, rental value and expenses of the jointly held real estate be treated, and (2) is defendant liable for “past support” for his wife?
With respect to the situation prior to July 24, 1969, the date of the divorce, the law seems quite clear that defendant need not account to plaintiff for rentals received, nor for the rental value of the portion of the real estate she occupied. During the time real estate is held as tenants by the entireties, either spouse can collect and keep the rentals because, presumptively, the moneys received will be expended for the benefit of both parties: O’Malley v. O’Malley, 272 Pa. 528 (1922), and Linett v. Linett, 437 Pa. 138 (1970). Furthermore, during entire-ties ownership, one spouse may not recover fair rental values from the other spouse unless the spouse so claiming first shows wrongful exclusion from the enjoyment of the realty: Reifschneider v. Reifschneider, 413 Pa. 342 (1964), and Linett v. Linett, supra. In the case now before us, it is clear that plaintiff left the jointly held *106 premises voluntarily and was not thereafter wrongfully excluded therefrom. Accordingly, defendant need not account to plaintiff for rents or rental values received or enjoyed up to July 24, 1969.
As to. the situation after the divorce, the law is not quite so clear. Since the real estate was purchased in 1947, prior to the enactment of the Act of May 17,1949, P. L. 1394, 68 PS §501, the Act of May 10, 1927, P. L. 884, controls the present proceeding. In section 3 of the Act of 1927, it is provided that, “In any case where a husband and wife shall hereafter acquire property as tenants by entireties, and shall be divorced, the interest of each of the respective tenants by entireties, subsequent to said divorce, shall be conclusively deemed to be one-half of the value of the property . . . (Italics supplied.)
It is provided further in that same section that upon the sale of the real estate under the Act of 1927 the proceeds would be divided equally between the parties after certain deductions. It is to be noted that the parties continue to own the real estate as tenants by the entire-ties even after divorce: Collins v. Wilkinson, 366 Pa. 108 (1950), and Lazare v. Lazare, 365 Pa. 591 (1950). An entirely new concept was introduced by the Act of 1949, supra, wherein it is provided that upon divorce the ownership of the property is automatically converted from an estate by the entireties to a tenancy in common. Since the nature of the tenancy does not change under the Act of 1927 after divorce, it would seem to follow that the same rules applicable to accountability for rentals and rental value after divorce should be identical with those applicable prior to divorce since we are dealing with the same kind of an estate. Judge Davis, of Monroe County, reached exactly that conclusion in Sterner v. Sterner, 6 D. & C. 2d 489 (1955). However, in O’Malley v. O’Malley, supra, de *107 cided prior to the Act of 1927, it was held that rentals on property held as tenants by entireties after divorce were not the exclusive property of the one receiving them and were subject to an accounting for the benefit of the other party. In Cornelius v. Cornelius, 104 Pa. Superior Ct. 455 (1932), the Superior Court followed the principle of the O’Malley case as to rental values and held that one in possession of realty held as tenants by the entireties would have to account to the other for such rental value. The holding in the Cornelius case would seem to be, at least partially, modified by the holding in the Lazare case, which does not mention Cornelius because the square holding in Lazare is that until one former spouse or the other proceeds with an action of partition under the Act of 1927, the estate by entireties continues in the jointly held property. We feel that the later cases have overruled O’Malley and Cornelius by implication, and we concur with the decision reached in Sterner v. Sterner, supra. We hold that defendant need not account for rents or rental value after the divorce until the time partition is decreed.
There remains the question of expenses paid by defendant for the upkeep and preservation of the real estate. It is argued by defendant that since plaintiff willfully deserted, he should not benefit from the diligence of defendant in maintaining and preserving the property. On the other hand, plaintiff argues with equal force that if defendant received the benefit of the rentals and rental value, she should be held to have contributed the funds necessary to generate the income. No persuasive authorities on either side of the question have been presented. We are of the opinion that defendant should not be reimbursed for the expenses for the reasons that if she was dissatisfied with the arrangement after plaintiff obtained a divorce, she had an equal right with plain *108 tiff to proceed under the Act of 1927 and obtain a partition and sale of the real estate.
We come now to the second issue which is the question of the husband’s liability to support his wife for the period between January 25, 1968, the date of desertion, and July 24, 1969, the date of the divorce. Plaintiff contends there is no liability because defendant is seeking “past support.” Defendant’s claim for support arises out of the provisions of the Act of May 23, 1907, P. L. 227, as amended, 48 PS §131. Two cases, although not appellate cases, have clearly held that the wife is entitled to bring an action under the Act of 1907 for past support. In Flohr v. Flohr, 68 D. & C. 359 (1949), and Wilson v. Wilson, 67 Dauph. 88 (1954), the issue was squarely raised and decided in the wife’s favor. There are no contra cases. We concur with the holdings in Flohr and Wilson.
A subsidiary issue is also present in this aspect of the case. Defendant contends that she is not limited in the amount of support to which she is entitled by plaintiff ’s earnings during the period he was absent from her and prior to the divorce. She contends that the court should, and must, consider plaintiff’s interest in the real and personal property which is the subject of this suit. Her position is sound. In Reiter v. Reiter, 82 Dauph. 231 (1954), Judge Shelley awarded $250 per month support for two children on the basis of defendant’s earnings of $100 per week and, inter alia, the value of his interest in real estate held by the parties as tenants by the entireties. In short, we are not limited in fixing our award for support by plaintiff’s earnings.
CONCLUSIONS OF LAW
1. The real estate jointly held by plaintiff and defendant is a proper subject of partition proceedings.
*109 2. The personal property jointly held by plaintiff and defendant is a proper subject of partition proceedings.
3. Plaintiff has no right, title or interest to those items of personal property set forth in paragraph 17 of the findings of fact within.
4. Defendant has no right, title or interest to those items of personal property set forth in paragraph 18 of the findings of fact within.
5. Plaintiff is not entitled to an accounting from defendant for the rentals or the rental value of the premises known as 45-7 Steinwehr Avenue, Gettysburg, Pa.
6. Defendant is not entitled to reimbursement for expenditures made by her for the maintenance and preservation of the premises known as 45-7 Steinwehr Avenue, Gettysburg, Pa.
7. Plaintiff is obligated to support defendant for the period from January 25,1968, to July 24, 1969.
8. Plaintiff is obligated to account to defendant for the following:
(a) $ 1,000 from the Gettysburg Savings and Loan Association, together with interest at four percent per annum from January 1, 1968, to December 31, 1969, and at four percent per annum from January 1, 1970, to date of accounting.
(b) One-half of the value of 1967 Buick Wildcat automobile (fair market value of $1,500).
9. Defendant is obligated to account to plaintiff as follows:
(a) $30.31 from the Gettysburg Savings and Loan Association, together with interest at four percent per annum from January 1, 1968, to December 31, 1969, and at four percent per annum from January 1,1970, to date of accounting.
(b) $400 of certificate of deposit at The Gettysburg National Bank with interest thereon at four percent per annum from January 1, 1968, to date of accounting.
*110 (c) $93.22 from The Gettysburg National Bank joint checking account.
(d) $236.81 from The Adams County National Bank joint savings account, together with interest thereon at three percent per annum from January 1,1968, to date of accounting.
(e) $100 from the sale of the antique single drop leaf table.
(f) $50 from the sale of the walking cane rifle.
10. Defendant is entitled to reimbursement from plaintiff for interest payments made by her on the joint obligation at The Gettysburg National Bank at the rate of $5.46 per quarter from January 1, 1968, to the date of reimbursement thereof.
DECREE NISI
And now, March 10, 1971, it is decreed that:
1. The real and personal property of plaintiff and defendant held as jointly owned property shall be partitioned.
2. John W. Phillips, Esq., is hereby appointed trustee to make public sale of the real property known as 45-7 Steinwehr Avenue, Gettysburg, Pa., and the various items of personal property set forth in paragraph 16 of the findings of fact within. Said sale shall be conducted in accordance with the provisions of the Act of May 10, 1927, P. L. 884. Prior to entering upon his duties, the trustee shall file a bond with the court for the faithful performance of his duties in the sum of $40,000. Subsequent to the sale of the property and after making all proper disbursements from the fund as provided by the aforesaid statute, but prior to making any disbursements to plaintiff or defendant, the trustee shall file an accounting with the court.
3. Defendant shall, within 30 days of the date this decree becomes final, account to plaintiff for the items set forth in paragraph 9 of the conclusions of law herein.
*111 4. Plaintiff shall, within 30 days of date this decree becomes final, account to defendant for the items set forth in paragraph 8 of the conclusions of law herein.
5. Plaintiff shall pay for the reasonable support of his wife for the period beginning January 25, 1968, and ending July 24, 1969, the sum of $25 per week.
6. Plaintiff shall pay to defendant a sum sufficient to reimburse her for the interest payments made by her on the joint obligation at The Gettysburg National Bank at the rate of $5.46 per quarter from January 1, 1968.
7. Defendant shall deliver over to plaintiff such of the items set forth in paragraphs 18 and 21 in the findings of fact herein as shall be in her possession.
8. The court shall retain jurisdiction of this case until all sums due the parties in the within action have been paid to the party entitled thereto or provision shall have been made for the payment thereof.
Unless exceptions shall be filed to the within adjudication or decree within 20 days from the date hereof, the decree shall be entered by the prothonotary on praecipe as a final decree, in accord with the provisions of Riñe 1519 of the Pennsylvania Rules of Civil Procedure.