**Magriney v. Magriney**

*Michael Schaeffer,* for plaintiff.

*Robert B. Lieberman,* for defendant.

### ADJUDICATION

DOWLING, J., October 13, 1972.—The parties before the court, Carol and Rodger Magriney, were married in May of 1963, and in May of 1966 acquired as tenants by the entireties a home at 206 West Carracas Avenue, Hershey, Pa., where they resided with their daughter until they separated in September, 1971. No divorce has been decreed although proceedings to secure one have been instituted by the wife. The marriage having broken up, plaintiff now desires to split the marital real estate via an action in equity for a partition.

Plaintiff relies upon section 1 of the Act of May 10, 1927, P.L. 884, as amended, 68 PS §501, which provides:

"Whenever any husband and wife, hereafter acquiring property as tenants by entireties, shall be divorced, they shall thereafter hold such property as tenants in common of equal one-half shares in value and either of them may bring suit in the court of common pleas, sitting in equity, of the county where the property is situate, against the other to have the property sold and the proceeds divided between them. The summons in such suit shall be served in the same manner and with like effect as in cases of partition at law.

"At the hearing on such suit both husband and wife shall be competent witnesses. The value of the property shall be proven by the testimony of at least two impartial and disinterested witnesses. 1927, May 10, P. L. 884, §1; 1949, May 17, P. L. 1394, §1."

A literal reading of this statute would reserve its application to situations where a divorce has been secured. However, despite its language, our appellate courts formulated a "modern" rule to the effect that where the parties are separated but not divorced and where one of them is excluded from the exercise or enjoyment of rights inherent in an estate held by the entireties, partition will lie: Lindenfelser v. Lindenfelser, 396 Pa. 530 (1959).

Shapiro v. Shapiro, 424 Pa. 120 (1966), relied upon by both plaintiff and defendant, illustrates its application. There the evidence established that the wife was excluded effectively from the enjoyment of her inherent rights in the entireties properties. The record showed convincingly that the husband acted in a manner inconsistent and detrimental to his wife's interest in certain stock. He had prevented her from voting the stock as she wished, deprived her of dividends and had allowed other companies in which he had an interest to occupy space in certain real estate without paying rent. A portion of rental income from other jointly owned property was used to repay a loan created for the husband's sole benefit and he had refused to account to his wife for any of the rentals. As the court pointed out, the general rule still remains that neither party can partition except after divorce. The exception is only allowed where the facts require a determination that the partitioner is wrongfully excluded from the enjoyment of the realty: Linett v. Linett, 437 Pa. 138 (1970).

The testimony in this case falls far short of satisfying the chancellor that the husband is excluding the wife from the exercise of her rights in the jointly held property.

Plaintiff and defendant lived together at the home with their daughter until September of 1971. While

the wife testified that there were problems with their marriage, none of them seemed to surface or to extend beyond the usual domestic struggles until a mutual friend returned from the wars and began visiting the residence frequently in the absence of the husband. As the relationship between the family friend and the wife ripened, marital discord increased with the result that Rodger moved out and went to live with his mother. He came back in several months and said that he was going to remain. There followed an ugly scene with the wife and certain of her relatives with the result that the wife left taking all of the furniture, leaving only a piano which she and her helpers were unable to move. Rodger has continued to reside in the house, presumably finding something other than the piano to sleep on. He testified that his wife could return and live with him at any time she wished. Mrs. Magriney states that she is afraid of her husband and does not want to return to the marital abode.

While the merits of the divorce action are not before the court and no determination is being made as to who might be the innocent and injured spouse, it seems evident that the stringent requirements for the extraordinary partition of property held by the entireties without the accompanying divorce have not been met. It was the intervention of a friend which changed the family circle into a triangle.[1]

In view of this discussion, we make the following

## FINDINGS OF FACT

1. The subject of the within partition was acquired by the parties on May 18, 1966, as tenants by the en-

---

[1] "A friend should bear his friend's infirmities, but Brutus makes mine greater than they are": Julius Caesar, Act IV, Scene III.

tireties and served as the common domicile for the family until September of 1971.

2. Defendant husband voluntarily left the premises in September of 1971 and went to live with his mother.

3. The husband defendant returned in November of 1971, expressing his intention to resume living at the home with his wife.

4. At this time, the wife left the premises taking the household furnishings.

5. The underlying problem concerns the wife's attachment to another man.

6. Defendant is presently residing in the property and is willing to have plaintiff return and live with him and enjoy its full use.

7. Wife plaintiff has instituted a divorce proceeding but no decree of divorce has been secured.

## CONCLUSIONS OF LAW

1. Partition of realty owned as tenants by the entireties is permitted in the absence of divorce only where the parties are separated and where one of them is excluded by the other from the exercise or enjoyment of rights inherent in the property.

2. There is no evidence that plaintiff is being excluded from enjoyment of the property and, on the contrary, her remaining away from it is of her own free will and is not caused by any action of defendant.

In accordance with the foregoing, we enter the following

## DECREE NISI

And now, October 13, 1972, it is ordered, adjudged and decreed that plaintiff's complaint in equity seeking a partition division of real estate according to the Act of May 10, 1927, P. L. 884, be dismissed.

The prothonotary is directed to enter this decree nisi and to notify the parties or their counsel. If no exceptions are filed within 20 days after entering of this decree, a final decree upon praecipe will be entered. Costs to be paid by plaintiff.

## OPINION

DOWLING, J., May 18, 1973.—In this action, the parties remain married, yet the wife-plaintiff seeks a partition of their jointly held real estate, alleging exclusion of her rights therein. The reasons herein raised were passed upon by the chancellor in his adjudication wherein he dismissed the complaint finding that Mrs. Magriney had left the household primarily because of her attachment for another man, that her husband wished her to return and live with him, and that, therefore, she was not in any sense being excluded from enjoying her property rights.

Plaintiff has taken exceptions to the decree nisi alleging in essence that the court erred in not finding that the husband's conduct forced her to leave and that she has not returned because of fear.

The testimony simply does not support such inferences. There was a scene when Mr. Magriney returned and announced his intentions of living in his home but it does not appear to have been a violent episode and it culminated in Mrs. Magriney leaving and assisted by friends and relatives, taking all the furniture with her. It is undisputed that her husband has asked her to return several times, the only condition being that their one time mutual acquaintance not visit when Mr. Magriney is not home. In short, she is not to enjoy both her property rights and her boyfriend.

Plaintiff relies on Shapiro v. Shapiro, 424 Pa. 120 (1966). This case was discussed and distinguished in the chancellor's opinion. While partition is possible

without divorce, the courts are not quick to grant such relief, particularly where, as here, there is such little evidence to support the wife's alleged feelings of fear.

We have examined the entire record and adopt the chancellor's findings of fact and conclusions of law as our own and conclude that the decree nisi should be made final.

Accordingly, we enter the following

### FINAL DECREE

And now, May 18, 1973, the exceptions of plaintiff are overruled and a final decree is entered in accordance with the decree nisi.