**Howard D. POPKY; Sheila A. Popky, Appellants,**

v.

**UNITED STATES of America.**

**No. 04–2798.**

United States Court of Appeals, Third Circuit.

Submitted Under Third Circuit LAR 34.1(a) May 12, 2005.

Decided May 17, 2005.*

---

* Withdrawn and published in full at 2005 WL 1958366.

John R. Crayton, Crayton & Belknap, Bensalem, PA, for Appellants.

Joan I. Oppenheimer, United States Department of Justice Tax Division, Washington, DC, for United States of America.

Before SLOVITER, FISHER and ALDISERT, Circuit·Judges.

## OPINION OF THE COURT

FISHER, Circuit Judge.

Appellants Howard and Sheila Popky, husband and wife, appeal from the District Court's grant of summary judgment in the government's favor in connection with their attempt to recover monies obtained by the government in satisfaction of a tax lien. Appellants contend that the federal tax lien could not attach to Sheila Popky's interest in property owned by her and her husband as tenants by the entireties. We disagree and will therefore affirm the judgment of the District Court.

As we write solely for the parties, and the facts are known to them, we will discuss only those facts pertinent to this appeal. Sheila Popky had failed to pay employment taxes that were required to be withheld from the wages of the employees of Sheila's EMS, Inc., a business which she owned. The Internal Revenue Service ("IRS") assessed taxes of $42,799.20 against Sheila Popky attributable to these unpaid taxes, and in September 2002, filed a notice of tax lien against her in Montgomery County, Pennsylvania, for the same amount plus accruals. Shortly after the filing of the lien notice, Mr. and Mrs. Popky sold real property located in Narbeth, Pennsylvania, which they owned as tenants by the entireties. The title insurance company held $48,000 of the sale proceeds in escrow due to the outstanding federal tax lien, and eventually issued a check to the government for $43,324.43 to satisfy the lien. The Popkys initiated this quiet title action to recover the proceeds paid to the IRS, and the government coun-

terclaimed seeking unpaid employment taxes and unpaid income taxes. The District Court granted summary judgment to the government and entered an order awarding the government $43,324.43 on the Popkys' claim and $15,814.47 on the government's counterclaim.

■ The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1340 and 1345. We have jurisdiction under 28 U.S.C. § 1291, and apply plenary review to the District Court's grant of summary judgment. *Bonneville Int'l Corp. v. Peters,* 347 F.3d 485, 490 (3d Cir.2003). The primary issue in this appeal is whether the District Court erred in concluding that the federal tax lien here could attach to Sheila Popky's interest in the Narbeth property owned by her and her husband as tenants by the entireties. The nature of Sheila Popky's interest in the Narbeth property is crucial because federal tax liens attach to "all property and rights to property" of any taxpayer who neglects or refuses to pay taxes after demand. 26 U.S.C. § 6321. The Supreme Court has made clear that whether a taxpayer's interest in property "held as a tenant by the entirety constitutes 'property and rights to property' for the purposes of the federal tax lien statute, 26 U.S.C. § 6321, is ultimately a question of federal law." *United States v. Craft,* 535 U.S. 274, 278, 122 S.Ct. 1414, 152 L.Ed.2d 437 (2002). However, this federal question "largely depends upon state law." *Id. See also United States v. Bess,* 357 U.S. 51, 55, 78 S.Ct. 1054, 2 L.Ed.2d 1135 (1958) (stating that federal tax lien statute "creates no property rights but merely attaches consequences, federally defined, to rights created under state law.").

In *Craft,* the Supreme Court, looking to Michigan law, held that a federal tax lien resulting from unpaid taxes attributable to one tenant by the entireties could attach to that tenant's interest in entireties property. The Court found that Michigan's law of tenancy by the entireties conferred "some of the most essential property rights" on each tenant: "the right to use the property, to receive income produced by it, and to exclude others from it." *Craft,* 535 U.S. at 283 (citations omitted). It also noted that Michigan law gave tenants the right to alienate or otherwise encumber the property with the consent of the other tenant, as well as the right of survivorship. *Id.* The Court concluded that such essential rights in property enjoyed by tenants by the entireties under Michigan law were "rights to property" under the federal tax lien statute.[1]

Pennsylvania's law of tenancy by the entireties is materially similar to Michigan's, and thus leads us to the same result reached by the Court in *Craft.* As in Michigan, tenants by the entireties in Pennsylvania have the right to possess and use the property, *see United States v. Parcel of Property Known as 1500 Lincoln Ave.,* 949 F.2d 73, 77 (3d Cir.1991), the right to receive a share of income produced by the property, *see Wylie v. Zimmer,* 98 F.Supp. 298, 300 (E.D.Pa.1951) ("The rents, issues and profits from real property held by entireties are received and owned in a like manner."); *Johns v. Johns,* 1971 WL 14150, 52 Pa. D. & C.2d 99 (Pa.Com.Pl.1971) (each tenant can collect and keep rental income), and rights of survivorship. *Clingerman v. Sadowski,* 513 Pa. 179, 519 A.2d 378, 381 (1986).

---

1. While Michigan law did not give each tenant the power to unilaterally alienate entireties property, the Court in *Craft* rejected the contention that such a power was essential to the category of "property" for purposes of

§ 6321. *Craft,* 535 U.S. at 284 (noting that in prior cases it had "already stated that federal tax liens may attach to property that cannot be unilaterally alienated.") (discussing cases).

These rights are sufficient to bring this case within *Craft*. We therefore conclude that Mrs. Popky had "rights to the [Narbeth] property" owned by her and her husband as tenants by the entireties to which the federal tax lien here could attach.[2]

■ Appellants also challenge the District Court's valuation of Mrs. Popky's share of the entireties property at 50 percent. Again, however, we agree with the District Court because a 50 percent valuation accords with the longstanding Pennsylvania common law definition of tenancies by the entirety. *See In re Estate of Brose,* 416 Pa. 386, 206 A.2d 301, 304–05 (1965) (in a tenancy by the entireties, "each of the tenants holds the entire estate by the half and by the whole."). Indeed, the interests of tenants by the entireties are equal both during the tenancy and following its termination. *See In re Prichard,* 359 Pa. 315, 59 A.2d 101, 102 (1948).[3]

Accordingly, we will affirm the judgment of the District Court.

---

**2.** The Popkys emphasize that a tenant in Pennsylvania cannot alienate the entireties property without the other tenant's consent. This is true but unavailing given the Court's clear statement in *Craft* that the right of unilateral alienation is not "essential to the category of 'property' [under § 6321]." *Craft,* 535 U.S. at 284.

**3.** The Popkys also contend that the government obtained the escrowed funds from the title company improperly, and that they should have been permitted to retain and use the $43,324.43 subject to the tax lien. We see no merit in either argument.