

Villanova University Charles Widger School of Law
Villanova University Charles Widger School of Law Digital Repository

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-16-2005

# Popky v. USA

Precedential or Non-Precedential: Precedential

Docket No. 04-2798

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Popky v. USA" (2005). *2005 Decisions*. Paper 600.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/600

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 04-2798
_____

HOWARD D. POPKY;
SHEILA A. POPKY,

Appellants

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 03-cv-01487)
District Judge:  Honorable Thomas N. O'Neill, Jr.
_____

Submitted Under Third Circuit LAR 34.1(a)
May 12, 2005

Before:  SLOVITER, FISHER and ALDISERT, *Circuit Judges*.

(Filed: May 17, 2005)

John R. Crayton
33 West Second Street
Moorestown, NJ  08057
        *Attorney for Appellants*

Joan I. Oppenheimer
Jonathan S. Cohen
United States Department of Justice
Tax Division
P.O. Box 502
Washington, DC  20044
        *Attorneys for Appellee*

_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Appellants Howard and Sheila Popky, husband and wife, appeal from the District Court's grant of summary judgment in the government's favor in connection with their attempt to recover monies obtained by the government in satisfaction of a tax lien. Appellants contend that the federal tax lien could not attach to Sheila Popky's interest in property owned by her and her husband as tenants by the entireties.  Appellants also argue that even if the tax lien could attach to Sheila Popky's interest, the District Court erred in valuing her interest at fifty percent of the property.  We disagree with Appellants on both points and will therefore affirm the judgment of the District Court.

2

I.

Sheila Popky had failed to pay employment taxes that were required to be withheld from the wages of the employees of Sheila's EMS, Inc., a business which she owned. The Internal Revenue Service ("IRS") assessed taxes of $42,799.20 against Sheila Popky attributable to these unpaid taxes, and in September 2002, filed a notice of tax lien against her in Montgomery County, Pennsylvania, for the same amount plus accruals. Shortly after the filing of the lien notice, the Popkys sold real property located in Narbeth, Pennsylvania, which they owned as tenants by the entireties. The title insurance company held $48,000 of the sale proceeds in escrow due to the outstanding federal tax lien, and eventually issued a check to the government for $43,324.43 to satisfy the lien. The Popkys initiated this quiet title action to recover the proceeds paid to the IRS, and the government counterclaimed seeking unpaid employment taxes and unpaid income taxes. The District Court granted summary judgment to the government and entered an order awarding the government $43,324.43 on the Popkys' claim and $15,814.47 on the government's counterclaim. The Popkys filed this timely appeal.

II.

The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1340 and 1345. We have jurisdiction under 28 U.S.C. § 1291, and apply plenary review to the District Court's grant of summary judgment. *Bonneville Int'l Corp. v. Peters*, 347 F.3d 485, 490 (3d Cir. 2003). The primary issue in this appeal is whether the District Court erred in concluding that the federal tax lien here could attach to Sheila Popky's interest in the Narbeth property owned by her and her husband as tenants by the entireties. The nature of Sheila Popky's interest in the Narbeth property is crucial because federal tax liens attach to "all property and rights to property" of any taxpayer who

3

neglects or refuses to pay taxes after demand. 26 U.S.C. § 6321. The Supreme Court has made clear that whether a taxpayer's interest in property "held as a tenant by the entirety constitutes 'property and rights to property' for the purposes of the federal tax lien statute, 26 U.S.C. § 6321, is ultimately a question of federal law." *United States v. Craft*, 535 U.S. 274, 278 (2002). However, this federal question "largely depends upon state law." *Id. See also United States v. Bess*, 357 U.S. 51, 55 (1958) (stating that federal tax lien statute "creates no property rights but merely attaches consequences, federally defined, to rights created under state law.").

In *Craft*, the Supreme Court, looking to Michigan law, held that a federal tax lien resulting from unpaid taxes attributable to one tenant by the entireties could attach to that tenant's interest in entireties property. The Court found that Michigan's law of tenancy by the entireties conferred "some of the most essential property rights" on each tenant: "the right to use the property, to receive income produced by it, and to exclude others from it." *Craft*, 535 U.S. at 283 (citations omitted). It also noted that Michigan law gave tenants the right to alienate or otherwise encumber the property with the consent of the other tenant, as well as the right of survivorship. *Id.* The Court concluded that such essential rights in property enjoyed by tenants by the entireties under Michigan law were "rights to property" under the federal tax lien statute, and therefore that the federal tax lien there properly attached to the responsible tenant's interest in the entireties property.[1]

---

[1]While Michigan law did not give each tenant the power to unilaterally alienate entireties property, the Court in *Craft* rejected the contention that such a power was essential to the category of "property" for purposes of § 6321. *Craft*, 535 U.S. at 284 (noting that in prior cases it had "already stated that federal tax liens may attach to property that cannot be unilaterally alienated.") (discussing cases).

The *Craft* analysis requires us to look to the law of the state where the subject property is located, here, Pennsylvania. Because Pennsylvania's law of tenancy by the entireties is materially similar to Michigan's, we are compelled to reach the same result reached by the Court in *Craft*. As in Michigan, tenants by the entireties in Pennsylvania have the right to possess and use the property, *see United States v. Parcel of Property Known as 1500 Lincoln Ave.*, 949 F.2d 73, 77 (3d Cir. 1991), the right to receive a share of income produced by the property, *see Wylie v. Zimmer*, 98 F. Supp. 298, 300 (E.D. Pa. 1951) ("The rents, issues and profits from real property held by entireties are received and owned in a like manner."); *Johns v. Johns*, 52 Pa. D. & C. 2d 99 (Pa. Com. Pl. 1971) (each tenant can collect and keep rental income), and rights of survivorship. *Clingerman v. Sadowski*, 519 A.2d 378, 381 (Pa. 1986). These rights are sufficient to bring this case within *Craft*. We therefore conclude that Sheila Popky had "rights to the [Narbeth] property" owned by her and her husband as tenants by the entireties to which the federal tax lien here could attach.[2]

Appellants contend that even if the federal tax lien properly attached to Sheila Popky's interest in the proceeds from the sale of the Narbeth property, the District Court erred in valuing her interest at fifty percent of the property. In *Craft*, the Supreme Court left open the question of how to value the respective tenants' interests in entireties property in these circumstances. *See Craft*, 535 U.S. at 289 ("We express no view as to the proper valuation of respondent's husband's interest in the entireties property"). The Popkys argue that

---

[2]The Popkys emphasize that a tenant in Pennsylvania cannot alienate the entireties property without the other tenant's consent. This is true but unavailing given the Court's clear statement in *Craft* that the right of unilateral alienation is not "essential to the category of 'property' [under § 6321]." *Craft*, 535 U.S. at 284.

the valuation should be based on some variation of their life expectancies. Some courts have adopted or endorsed the use of life expectancies derived from actuarial tables in determining the value of a tenant's interest in entireties property in this context. *See, e.g., In re Murray*, 318 B.R. 211, 214 (Bankr. M.D. Fla. 2004); *In re Basher*, 291 B.R. 357, 364 (Bankr. E.D. Pa. 2003).

The District Court properly rejected this approach. Valuing the interests of tenants by the entireties equally accords with the longstanding Pennsylvania common law definition of tenancies by the entirety. *See In re Estate of Brose*, 206 A.2d 301, 304-05 (Pa. 1965) (in a tenancy by the entireties, "each of the tenants holds the entire estate by the half and by the whole."); *Lindenfelser v. Lindenfelser*, 153 A.2d 901, 905 (Pa. 1959) (noting that each spouse in a tenancy by the entireties "is entitled to equal use, enjoyment, and possession" and "entitled equally to the usufruct of the properties."). As the District Court correctly observed, "the equal division of assets between spouses ... parallels the distribution of entireties property when an entireties estate is severed because of a sale with consent of both tenants, divorce or other reasons." 326 F. Supp. 2d at 602; *see also Reifschneider v. Reifschneider*, 196 A.2d 324 (Pa. 1964) (holding that wife was entitled to fifty percent share of proceeds from husband's sale of bonds); *In re Prichard*, 59 A.2d 101, 102 (Pa. 1948) (observing that when tenants by the entireties agree to terminate the tenancy and sell the property, the sale proceeds are divided equally between them). Sound policy reinforces the District Court's approach to valuation, as an equal valuation is far simpler and less speculative than the valuation contemplated by the Popkys. Thus, we agree with the District Court's valuation of Sheila Popky's

interest in the proceeds from the sale of the Narbeth property at fifty percent.[3]

Accordingly, we will affirm the judgment of the District Court.

---

[3]The Popkys also contend that the government obtained the escrowed funds from the title company improperly, and that they should have been permitted to retain and use the $43,324.43 subject to the tax lien. We see no merit in either argument.